MEYER v. CRIMMINS.

(Supreme Court, Appellate Division, First Department. December 30, 1909.)

1. DISMISSAL AND NONSUIT (§ 60*)—DELAY IN PROSECUTION—NEGLECT OF ATTORNEY.

Neglect and forgetfulness of plaintiff's attorney does not excuse delay in prosecuting the action.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 142; Dec. Dig. § 60.*]

2. DISMISSAL AND NONSUIT (§ 60*)—DELAY IN PROSECUTION.

In an action begun in June, 1903, issue was joined in July, but the case was not put on the calendar till April, 1904. A renewal note of issue was filed for the calendar for October, 1904, but no renewal note was filed for either of the new calendars made up for 1906 and 1908. *Held*, that on motion made in November, 1908, defendant was entitled to a dismissal of the cause for want of prosecution.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 140, 141; Dec. Dig. § 60.*]

Appeal from Special Term, New York County.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

120 N.Y.S.—23

Action by Annie Meyer, as administratrix, etc., of Frederick Meyer, deceased, against John D. Crimmins. From an order opening a default and vacating an order dismissing the complaint, defendant appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Carl S. Petrasch, for appellant.
Roger B. Wood, for respondent.

PER CURIAM. The defendant appeals from an order which opens plaintiff's default upon a motion to dismiss the complaint, and vacates an order dismissing the complaint for want of prosecution entered November 17, 1908, and also vacates an order entered November 24, 1908, denying plaintiff's motion to restore the cause to the calendar. The facts present an unusual case of laches. The action was begun on June 23, 1903, to recover damages for the death of plaintiff's husband by reason of the alleged negligence of defendant. Issue was joined July 11, 1903; but the cause was not noticed for trial until April, 1904, when it was put on the calendar and a preference granted. A renewal note of issue was filed for the new calendar made up for October, 1904; but no renewal note of issue was filed for either of the new calendars made up for 1906 and 1908. In November, 1908, a motion was made and granted by default to dismiss the cause for want of prosecution. A motion to restore the cause to the calendar was then made and denied. Then followed a series of motions culminating in the order appealed from.

No excuse is offered for this remarkable delay in prosecuting the action except the neglect and forgetfulness of the attorney having it in charge. This has repeatedly been held to be insufficient. It may be a hardship upon plaintiff to lose a possibly meritorious claim, but that she does so is the fault of the attorney whom she chose. An equal hardship might be imposed upon defendant if called upon to defend an action of this character more than six years after the event, and more than thrice the period thereafter allowed by statute for bringing such an action.

The order appealed from is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.